**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dimitri Trevon Williams, | No. CV-22-01779-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| California Department of Mental Health, et al., | |
| Defendants. | |

Before the Court is Plaintiff Dimitri Williams' Second Amended Complaint (Doc. 11) and two Motions for Court Assistance.  (*See* Docs. 9; 10.)  The Court denies each for the reasons stated below.

## I.    LEGAL STANDARDS

The Court must review the complaint to determine whether the action

    (i)   is frivolous or malicious;

    (ii)  fails to state a claim on which relief may be granted; or

    (iii) seeks monetary relief against a defendant who is immune
           from such relief.

28 U.S.C. § 1915(e)(2)(B).  Rule 8(a) of the Federal Rules of Civil Procedure requires that a pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claim, shall contain: (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.  Relief in the alternative or of

several different types may be demanded.  Fed. R. Civ. P. 8(a)(3).

While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  A complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Nor will a complaint suffice if it presents nothing more than "naked assertion[s]" without "further factual enhancement."  *Id.* at 557.

## II.   STATUTORY SCREENING

In the Second Amended Complaint, the Court finds that Plaintiff failed to allege any basis for jurisdiction, whether its pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a), or some other basis.  *See* Fed. R. Civ. P. 8(a)(1).  Additionally, Plaintiff's allegations fail to state a claim for relief against Defendants.  Plaintiff does not provide facts to support his causes of action.  Plaintiff must state factual allegations and explain how those allegations establish a violation of a relevant legal authority.  In short, Plaintiff must show he is entitled to relief.  He has not done so here.  Plaintiff simply makes conclusory statements.

Plaintiff's first claim for relief reads: "Riverside CA violated my Fifth Amendment right & a right to a fair trial." (Doc. 11 at 8.)  Factually, Plaintiff alleges that "[n]umerous of occasions like at this moment I am not accessible to a lawyer who can translate me being raped, robbed, misled, wrongfully incriminated, mistrial, told if I fight my case I will get punished, hate crimes, terrorism, robbed, lied to, property stolen, framed & etc." (*Id.*)  Plaintiff makes more allegations, but it is unclear if he is alleging

things that happened in Riverside, CA or here in Arizona.  It's also unclear if he is alleging things related to a criminal case against him or related to treatment while in custody.  Plaintiff has failed to state a claim for a violation of the Fifth Amendment.

Count 2 of the Second Amended Complaint reads: "Los Angeles, CA violated my Fifth Amendment right & my right to a fair trial." (*Id.* at 9.)  Factually, Plaintiff alleges many of the same allegations from Count I.  He adds that "DMH & public assistance kept housing me places where people were getting killed police wouldn't take my police reports & hospitals would not admit me after being harmed & poisoned by good seed, Covenent house, & fast food." (*Id.*)   Again, there is no factual support for a Fifth Amendment violation.

Plaintiff's third claim reads: "Phoenix Arizona violated my Fifth Amendment right & my right to a fair trial." (*Id.* at 10.)  Factually, the first paragraph is nearly identical to the first two counts.  He adds, "[p]olice lied & asked for help to crack down drug dealers after I reported suspicious activity & the drugs I had I was turning in as evidence when I was next to the police station I was going to turn it in as evidence but the booked me…." (*Id.*)  Again, it is unclear if he is trying to challenge a criminal conviction, which must be done by direct appeal, or alleging a constitutional violation by the police.  He does not, however, tell us which agency and/or officers are involved.  Plaintiff has failed to state a claim for relief.

## III.  LEAVE TO AMEND

"Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint.  *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996).  Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend.  *Moore*, 885 F.2d at 538.

Plaintiff has made multiple efforts at crafting a viable complaint and appears

unable to do so despite specific instructions from the Court.  The Court finds that further opportunities to amend would be futile.  Therefore, the Court, in its discretion, will dismiss Plaintiff's Second Amended Complaint without leave to amend.

**IV.     MOTIONS FOR COURT ASSISTANCE**

The Court acknowledges that Plaintiff again requests the appointment of an attorney in each pleading and motion.  But because this is a civil case, Plaintiff has no constitutional right to an appointed attorney.  *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (holding plaintiffs in civil actions are generally not entitled to appointment of counsel).  Plaintiff's Motions also request additional time, but because the Court dismisses Plaintiff's Second Amended Complaint with prejudice, that request is denied.

Accordingly,

**IT IS ORDERED** dismissing Plaintiff's Second Amended Complaint with prejudice.  (Doc. 11.)

**IT IS FURTHER ORDERED** dismissing Plaintiff's Motions for Court Assistance.  (Docs. 9; 10.)

**IT IS FURTHER ORDERED** instructing the Clerk of Court to terminate this case.

Dated this 17th day of November, 2022.

Honorable Susan M. Brnovich
United States District Judge